IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FRED MOSELY | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:14-CV-282-O |
| | § |
| CITIMORTGAGE INC., ET AL. | § |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO DISMISS

Pending before the Court are two motions to dismiss: (1) Defendant CitiMortgage, Inc. ("CitiMortgage")'s Motion to Dismiss [doc. # 5], filed May 2, 2014, and (2) Defendant American Homes 4 Rent Properties Eight LLC ("AH4R")'s Motion to Dismiss [doc. # 12], filed June 11, 2014. In his original petition filed on March 26, 2014 in the 352nd Judicial District of Tarrant County, Texas, *pro-se* Plaintiff Fred Mosely ("Mosely") claims that he "owns an equitable interest in the subject property stemming from a Residential Contract for Deed executed in July 2009" with the original mortgagor, Kim Wempa ("Wempa"), in which he has "paid approximately $70,000.00 towards this interest." (Plaintiff's Original Petition ("Pl.'s Pet.") at 1.) Mosely, also in the original petition, asserts claims against the Defendants for the following: (1) Petition to Set Aside Foreclosure Sale; (2) Declaratory Judgment; and (3) Request for Temporary Restraining Order and Application for Temporary Injunction. (Pl.'s Pet. at 4-6.) Defendant CitiMortgage removed the case to this Court on April 25, 2014.

In his original petition, Mosely asks, *inter alia*, the Court to set aside the foreclosure sale of his property, claiming that CitiMortgage did not properly perform acceleration of the debt because CitiMortgage "ceased to qualify as the Lender once the

1

loan was sold to investors." (Pl.'s Pet. at 4.) In addition, Mosely requests a declaratory judgment in that CitiMortgage's "foreclosure sale was not performed in strict adherence to the deed of trust" and that "AH4R's rights in the property are subject to Plaintiff's petition to set aside the foreclosure sale." (Pl.'s Pet. at 5.) Furthermore, Mosely requests a temporary restraining order and application for temporary injunction, arguing that he was "being threatened with irreparable injury by the conduct of the Defendant AH4R to evict Plaintiff . . . through a forcible detainer proceeding presently scheduled for Thursday, March 27, 2014." (Pl.'s Pet. at 5.)

In its Motion to Dismiss, CitiMortgage argues that, pursuant to Federal Rule of Civil Procedure 12(b)(6), all claims against it should be dismissed because Mosely's "underlying allegations fail as a matter of law." (CitiMortgage's Brief in Support of Motion to Dismiss ("CitiMortgage's Br.") at 2 (emphasis omitted).) CitiMortgage further argues that it was "not required to demonstrate a chain of note endorsements or even hold the note at all in order to foreclose." (CitiMortgage's Br. at 3.) CitiMortgage also claims, citing to case law, that both the "show-me-the note" and the "split-the-note" theories have been rejected by the Fifth Circuit Court of Appeals. (CitiMortgage's Br. at 3-7.) In addition, CitiMortgage argues that Plaintiff has not brought a valid breach of contract or wrongful foreclosure claim and is not entitled to declaratory or injunctive relief. (CitiMortgage's Br. at 7-8.)

AH4R, in its motion to dismiss, claims, *inter alia*, that "Plaintiff has not pled any causes of action and merely pled legal remedies." (AH4R's Motion to Dismiss at 1.) In addition, AH4R argues that declaratory judgment is not a substantive cause of action and

2

"Plaintiff has not pled any cause of action that would allow a court to grant a declaratory judgment." (AH4R's Br. at 5.) AH4R also claims that Mosely is not entitled to a temporary restraining order preventing it from evicting Mosely from the property because Mosely has failed to plead a viable cause of action against it. (AH4R's Br. at 5-6.)

A review of Defendant's motion indicates that Defendant has raised several potentially meritorious reasons as to why some or all of Plaintiff's claims should be dismissed. However, because Mosely, in his responses to Defendants' motions, makes several new allegations that, if properly alleged and incorporated into an amended complaint, could provide enough factual allegations to potentially survive a motion to dismiss, the Court concludes that Defendants' motions to dismiss should be **DENIED** and Plaintiff, who is proceeding *pro se*, should be given a final opportunity to amend his complaint to plead his "best case."[1] *See, e.g., Dark v. Potter*, 293 F. App'x 254, 256-57 (5th Cir. 2008).

---

[1] The Court notes that it appears Mosely has standing to challenge the foreclosure sale to the extent that the sale affects his rights. *See Abraham v. Ryland Mortg. Co.*, 995 S.W.2d 890, 893 (Tex. App.—El Paso 1999, no pet.) ("When a third party has a property interest that will be affected by a foreclosure sale, whether legal or equitable, the third party has standing to challenge the sale to the extent that the sale will affect its rights.") In addition, the Court notes that Mosely's arguments in his response to the motions to dismiss seem to center around the allegations that he was not given proper notice of the foreclosure sale, provided with a payoff figure, or afforded the opportunity to tender payment prior to the foreclosure sale. Under Texas law, a foreclosure sale may be set aside as invalid if notice is improper under section 51.002 of the Texas Property Code. *See, e.g., Franco v. U.S. Bank Nat'l Ass'n*, No. SA-14-CV-636-XR, 2014 WL 4441224, at *2 (W.D. Tex. Sept. 8, 2014); *Teeuwissen v. JP Morgan Chase Bank, N.A.*, No. 3:11CV46TSL-FKB, 2011 WL 5593164, at *5 (S.D. Miss. Nov. 17, 2011); *Bittinger v. Wells Fargo Bank, NA*, No. H-10-1754, 2011 WL 3568206, at *4-5 (S.D. Tex. Aug. 15, 2011) (denying Rule 12(b)(6) motion to dismiss wrongful foreclosure claim based on allegation that lender foreclosed without notice of default and notice of sale in accordance with state law). Whether Mosely, who was not a party to the note or the deed of trust, was entitled to such notice would most likely depend on the provisions contained in the deed of trust. *See, e.g., Schlotte v. Option One Mortg. Corp.*, No. 09-11-00208-CV, 2012 WL 1951125, at *4-5 (Tex. App.–Beaumont May 31, 2012) Regardless, however, Wempa was entitled to proper notice under the provisions set forth in section 51.002 of the Texas Property Code. *Id.* These issues will be more appropriately considered once Plaintiff has filed an amended complaint pleading his "best case."

## RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that CitiMortgage's Motion to Dismiss [doc. # 5] and AH4R's Motion to Dismiss [doc. # 12] be **DENIED WITHOUT PREJUDICE**. It is further **RECOMMENDED** that Plaintiff, if he desires to continue to assert his claims against the Defendants, be allowed to file an amended complaint on or before October 23, 2014. Plaintiff's failure to timely file such complaint may result in the dismissal of this case without further notice.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 16, 2014** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 2, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE